UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

CARILIUS MEDIA, BV, a foreign
corporation, and FLORIS VAN
PALLANDT, an individual,

          Plaintiffs,

v.

THE BOARD OF REGENTS OF
MICHIGAN STATE UNIVERSITY,

          Defendant.

Case No. 24-cv-825

Hon. _____

Pear Sperling Eggan & Daniels, P.C.
BY:   Jeremy C. Kennedy (P64821)
Attorneys for Plaintiff
24 Frank Lloyd Wright Dr., Suite D-2000
Ann Arbor, Michigan 48105
(734) 665-4441
jkennedy@psedlaw.com

## COMPLAINT AND JURY DEMAND

### Introduction and Statement of the Case

1.    Plaintiff Floris van Pallandt is the owner of Carsilius Media, BV, and operator of The Quiz Channel, a YouTube based quiz platform, developed by Mr. van Pallandt. Van Pallandt is in the business of creating customized quizzes for use by various groups, as well as creating general knowledge quizzes that can be licensed for use by interested parties. Since the Quiz Channel's inception, it has created dozens of general knowledge quizzes, as well as numerous other customized

quizzes that are commissioned by public and private clients. As one example of Plaintiff's work, he was recently approached by a large U.S. bank to create a customized quiz that could be used by the bank at one of their corporate retreats. This case arises out of Michigan State University's unauthorized and intentional use of Plaintiffs' intellectual property at a sporting event – the October 21, 2023 football game between Michigan State University and the University of Michigan – and once its theft was uncovered, its attempt to damage the reputation of Mr. van Pallandt and Carsilius Media.

## Parties, Jurisdiction and Venue

2. Plaintiff Carsilius Media, BV is a corporation formed under the laws of the Netherlands, with its principal place of business located in Medellin, Colombia.

3. Plaintiff Floris van Pallandt is a citizen of the Netherlands, residing in Retiro, Antioquia, Colombia. Plaintiff van Pallandt is the sole shareholder of Carsilius Media, BV, and assignee of all of its assets.

4. Defendant, the Board of Regents of Michigan State University is the governing body of Michigan State University, a public university chartered under the Michigan Constitution of 1965.

5. Jurisdiction is proper in this court under 28 U.S.C. 1338, as this case involves a federal question of copyright infringement.

6. Venue is proper in this court as the actions giving rise to this claim occurred in the City of East Lansing, Ingham County, Michigan.

## Common Allegations

7. Plaintiffs are in the business of creating and marketing general knowledge quizzes, history quizzes, and customized quizzes.

8. The quizzes are primarily posted on Plaintiffs' dedicated YouTube channel and can be viewed by members of the general public and subscribers.

9. Plaintiffs also create custom quizzes for clients who wish to use the quiz at personal or corporate events.

10. Since the inception of The Quiz Channel, Plaintiffs have had numerous requests, including from a major U.S. bank, to create customized quizzes for use at private and corporate events.

11. Plaintiffs have been developing quizzes for many years now, and their YouTube channel, the Quiz Channel, at present has nearly 200,000 subscribers.

12. On Saturday, October 21, 2023, MSU's athletic department, without prior permission, authorization, or licensing, used one of Plaintiff's quizzes during the pregame of the football game between the University of Michigan and Michigan State University.

13. This use of Plaintiffs' intellectual property occurred in the course of a money-making event, a Big Ten football game between two bitter rivals.

14. Upon information and belief, this football game was nationally televised and played in front of a sold out crowd of over 70,000 people.

15. The quiz that was used by Michigan State University was a general knowledge quiz that Plaintiffs had developed for viewing on YouTube.

16. Accordingly, the quiz was general in nature, a mixed quiz similar to trivia quizzes shown in bars and restaurants. This quiz focused primarily on European history and figures.

17. The quiz used was created by Plaintiffs on or about the first week of October, 2023, and first posted to The Quiz Channel on or about October 13, 2023.

18. This particular quiz included a question about Adolph Hitler's country of birth, and had a picture of Adolph Hitler when the question was presented.

19. Given the timing of the football game, approximately two weeks after the start of the war between Israel and Hamas, the inclusion of a question regarding Adolph Hitler during the Michigan-Michigan State football game garnered an extremely high degree of attention, most of it negative.

20. This unauthorized use of Plaintiffs' quiz came to Plaintiffs' attention at roughly the same time it came to the attention of most of the rest of the country, and indeed, a large section of the world, when the news media began to report that someone at Michigan State was including pictures of Adolph Hitler on the scoreboard at Spartan Stadium as part of a quiz.

21. Once this story became national and international news, Michigan State University's first response was to attempt to place the blame on Plaintiffs, stating that the use of Hitler in the quiz was the fault of the company who created the quiz.

22. While Plaintiffs undoubtedly did, in fact, create the quiz, and, quite obviously, did include a question about Adolph Hitler, the quiz was created as a general knowledge quiz on The Quiz Channel.

23. The quiz that was used without permission was not created for a mass-market use at an American college football game, and Plaintiff does not believe it should have been used at such a time or at such an event, especially in light of current events.

24. Plaintiff believes that the quiz certainly should not have been used without permission of the parties that own the intellectual property.

25. Had Michigan State University's athletic department staff simply reached out to Mr. van Pallandt, as they should have, he could have put together a customized quiz appropriate for the venue and event, charging an appropriate fee for his work.

26. Michigan State failed to take this step, however, and used the quiz without permission.

27. Michigan State's use of the quiz in question infringed on Plaintiff's intellectual property rights.

28. Specifically, Michigan State used Plaintiff's intellectual property at a sporting event in violation of Plaintiff's rights under the Copyright Act of 1976.

29. In addition to infringing on Plaintiff's intellectual property rights, after the incident became international news, Michigan State attempted to blame Plaintiffs for Michigan State's actions, saying the video was "inappropriate content from a third-party source."

30. At the time Michigan State officials made this announcement, which was widely reported in the new media, they were aware that Michigan State University staff members had used Plaintiffs' intellectual property without proper permission, and had, in fact, infringed on Plaintiffs' rights.

31. At a minimum, this attempt to deflect blame is dishonest by omitting any comments about Michigan State's role in this fiasco.

32. The entire incident resulted from Michigan State University staff members knowingly and illegally infringing on Plaintiffs' intellectual property and lying about it in the media.

33. This has caused considerable damage to Plaintiffs.

34. Furthermore, Michigan State's attempt to lay the blame solely at the feet of The Quiz Channel has subjected them to ridicule and disparagement, as well as causing significant emotional distress to Mr. van Pallandt.

35. A notice of claim was sent to Michigan State University following this unlawful use and disparagement.

36. Prior to the October 21, 2023 use of Plaintiffs' intellectual property, Plaintiffs entered into an agreement with a third party, whereby Plaintiffs' assigned the revenue stream from two years of quizzes to the third party.

37. The third party purchased the assignment of the revenue stream for $135,000.00.

38. The assignment of the revenue stream contained a clause that stated that Plaintiffs would not take any action that could impair the value of the revenue stream, nor would Plaintiff allow the value of the revenue stream to be impaired, not would Plaintiff allow the Quiz Channel to be cast in a negative light.

39. In the event Plaintiffs allowed any of the acts described above to occur, the assignment agreement could be cancelled, and Plaintiff could be required to repay the money it received under the agreement.

40. While the assignment agreement has not been cancelled, Plaintiffs remain concerned that they may do so.

41. This threat is a direct result of Michigan State's actions and statements made in attempt to cover up and deflect blame from their use of Plaintiffs' intellectual property without consent.

## COUNT I – Copyright Infringement

42. Plaintiffs hereby reassert, reallege, and incorporate by reference herein Paragraphs 1-41 as if fully restated.

43. Plaintiffs are the owners and creators of a YouTube channel, The Quiz Channel, where they create and post various quizzes for international audiences.

44. At the start of the quizzes posted, Plaintiff van Pallandt appears on the screen and describes briefly what the quiz will cover.

45. On or about October 13, 2023, Plaintiffs posted a general knowledge quiz about European history ("The October 13 Quiz").

46. The quiz contained the same introduction featuring Plaintiff van Pallandt that all of Plaintiffs' quizzes contain.

47. Plaintiffs retain the sole and exclusive right to use The October 13 Quiz and to profit off of same.

48. Plaintiffs have not licensed us of The October 13 Quiz to any third party.

49. On October 21, 2023, Michigan State used The October 13 Quiz as pregame entertainment before the Big Ten Conference football game between Michigan State and the University of Michigan.

50. Michigan State did not have permission to use The October 13 Quiz.

51. Michigan State's use of The October 13 Quiz was an infringement on Plaintiffs' exclusive rights to use, control and profit off of its intellectual property.

52. Furthermore, Michigan State's infringement was willful, as the start of The October 13 Quiz clearly states it was created for the Quiz Channel by Floris van Pallandt, and states clearly that Floris van Pallandt is the owner and creator of the Quiz Channel and The European Quiz.

53. The above-described conduct by Defendants constitutes willful copyright infringement under the Copyright Act.

54. As a result of the above-described conduct by Defendants, Plaintiff has been damaged in an amount to be proven at trial.

55. By reason of the copyright infringement described above, Plaintiff is entitled to recover Defendants' profits to the extent the same are not included as part of Plaintiff's damages.

56. In the alternative, at the election of Plaintiff, Plaintiff is entitled to recover from Defendants statutory damages up to $150,000.00 per copyright infringed for Defendants' willful copyright infringement, plus attorneys' fees.

WHEREFORE, on Count I of their Complaint, Plaintiffs hereby request that this Honorable Court enter judgment in their favor granting them the following relief:

a. Actual damages in an amount to be determined at trial;

b. In the alternative, at Plaintiff's election, award Plaintiffs a statutory civil fine up to $150,000.00 for Defendant's willful infringement of Plaintiffs' copyright;

c. Enjoin further use of Plaintiffs' intellectual property by Defendants;

d. Reasonable attorney's fees, as authorized by statute;

e. Interest and costs; and

f. All other relief, at law or in equity, to which Plaintiffs are found to be entitled to recover.

## COUNT II – Invasion of Privacy – False Light

57. Plaintiffs hereby reassert, reallege, and incorporate by reference herein Paragraphs 1-56 as if fully restated.

58. The actions described above constitute an invasion of Plaintiffs' privacy and places them in a false light in the public eye.

59. In attempting to place blame on the Plaintiffs for Defendant's unauthorized use of the European Quiz, Defendants broadcast to the public in general, or a large number of people information that was unreasonable and highly objectionable.

60. This broadcast attributed to the plaintiff characteristics, conduct, or beliefs about the October 13 Quiz, and implied that the creators of the European

Quiz sympathized and/or supported Adoph Hitler and the Nazis, or, at the very least, were unconcerned about same.

61. These statements were false and placed the plaintiff in a false position.

62. Defendant knew or acted in reckless disregard to the falsity of the matter and the false light in which the plaintiff would be placed.

63. Plaintiffs have suffered damages as a result of these acts by Defendant.

WHEREFORE, on Count I of their Complaint, Plaintiffs hereby request that this Honorable Court enter judgment in their favor granting them the following relief:

a. Actual damages in an amount to be determined at trial;

b. Enjoin Defendants from making further statements about Plaintiffs;

c. Award Plaintiffs reasonable attorney's fees, interest and costs; and

d. All other relief, at law or in equity, to which Plaintiffs are found to be entitled to recover.

Respectfully Submitted,

PEAR SPERLING EGGAN & DANIELS, P.C.

BY: /s/ *Jeremy C. Kennedy*
    Jeremy C. Kennedy (P64821)
Attorneys for Plaintiff
24 Frank Lloyd Wright Drive, Ste D-2000
Ann Arbor, MI  48105
Dated:  August 9. 2024            (734) 665-4441 / jkennedy@psedlaw.com

11

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all matters so triable.

                              Respectfully Submitted,

                              PEAR SPERLING EGGAN & DANIELS, P.C.

                              BY:   /s/ *Jeremy C. Kennedy*
                                    Jeremy C. Kennedy (P64821)
                              Attorneys for Plaintiff
                              24 Frank Lloyd Wright Drive, Ste D-2000
                              Ann Arbor, MI  48105
Date:  August 9, 2024          (734) 665-4441 / jkennedy@psedlaw.com

## CERTIFICATE OF SERVICE

     I hereby certify that on August 9, 2024, I caused the electronic filing of the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys and parties who are on the list to receive notifications for this case.

                              /s/ *Margaret A. Michael*
                              Margaret A. Michael
                              Legal Assistant to Jeremy C. Kennedy
                              mmichael@psedlaw.com